UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. COOPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:22-CV-709-RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a one-page "Motion," dated March 13, 2022, filed by petitioner Robert L. Cooper.[1] ECF No. 1. The Court construes the filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Motion appears to seek relief under the Supreme Court's case in *Rehaif v. United States*, 139 U.S. 2191 (2019). For the reasons outlined below, petitioner will be provided time to amend his motion to vacate.

**Background**

On July 19, 2017, the Grand Jury returned a one-count indictment, charging petitioner with felon in possession of a firearm, in violation of Title 18, U.S.C. § 922(g). Petitioner subsequently entered a guilty plea to a Superseding Information for possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18 U.S.C. § 924(c). On December 13, 2018, this Court sentenced petitioner to 72 months imprisonment. Petitioner did not file an appeal of his conviction or sentence.

On July 1, 2022, this Court received the instant document titled, "Motion." Petitioner appears to be seeking relief under *Rehaif v. United States*, 139 U.S. 2191 (2019). Consequently,

---

[1] The Court notes that although the Motion is dated March 13, 2022, the filing is postmarked June 28, 2022.

the Court interprets the filing as a motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. However, because the document is not brought on a court form proper for filing motions to vacate and is not signed by the petitioner, the Court will require him to amend his motion to properly set forth his grounds for relief.

**Discussion**

Petitioner's motion to vacate has not been drafted in a manner that complies with the Federal Rules. The motion is defective because it has not been signed by petitioner and it has not been drafted on a Court-provided form. Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is properly corrected after being called to the . . . party's attention." Similarly, the local rules of this Court also require that all filings be signed by the party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1). Also required by the local rules, petitioner must file his motion on a Court-provided form. E.D. Mo. L.R. 2.06(A). As a result, the Court will order the Clerk to mail to petitioner a blank form motion under 28 U.S.C. § 2255 to be completed, signed, and returned to the Court for filing.

In completing the form motion, petitioner is instructed that he must include all of the allegations he wishes to bring against the government. Simply put, all claims in this action must be included in one, centralized motion. Petitioner's claims must be stated in a succinct manner and any accompanying arguments should be accompanied by specific grounds for relief.

The Federal Rules require clarity in pleadings, including pleadings from self-represented parties.  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires that a petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; [and] (4) be printed, typewritten, or legibly handwritten[.]" Rule 8(a) of

the Federal Rules of Civil Procedure requires pleadings in the federal courts to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 and 2255 Cases.

Petitioner is warned that the filing of the amended motion to vacate completely replaces the original and any supplemental motions or memoranda and claims that are not re-alleged are deemed abandoned.  Petitioner's failure to file an amended motion to vacate within thirty (30) days will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to petitioner a blank copy of the Court's form "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."

**IT IS FURTHER ORDERED** that petitioner shall complete and sign the motion and return it to the Court within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that petitioner's failure to amend his motion to vacate in accordance with the instructions set forth in this Memorandum and Order will result in a dismissal of this action without prejudice.

Dated this 7th day of July, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE