UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. COOPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:22-CV-709 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented petitioner Robert L. Cooper commenced this action on July 1, 2022 by filing a one-page document titled, "Motion," which appeared to seek relief under *Rehaif v. United States*, 139 U.S. 2191 (2019). ECF No. 1. The Court construed the filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Although it was apparent from his filing that petitioner intended to submit a motion to vacate under § 2255, he did not use the proper form as required by the Local Rules of this Court. *See* E.D. Mo. L.R. 2.06(A) (requiring all actions by self-represented litigants to be filed on Court-provided forms). Additionally, petitioner failed to sign his motion. Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is properly corrected after being called to the . . . party's attention." Similarly, the Local Rules also require that all filings be signed by the party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1).

Due to the deficiencies, the Court ordered petitioner to file a signed amended motion to vacate on the proper Court form and provided some basic instructions for compliance with the local and Federal Rules. ECF No. 2. The Court cautioned petitioner that his failure to timely

comply with the Order would result in the dismissal of his case without further notice. Petitioner's response was due on August 8, 2022.

To date, petitioner has neither responded to the Court's Order nor sought additional time to do so. Petitioner was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample and additional time to comply. The Court will therefore dismiss this action, without prejudice, due to petitioner's failure to comply with the Court's July 7, 2022 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (per curiam) (district court did not abuse its discretion in dismissing action without prejudice when the self-represented plaintiffs failed to comply with an order directing them to file an amended complaint within fourteen days); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of August, 2022.

                                                      */s/ Rodney W. Sippel*
                                                      RODNEY W. SIPPEL
                                                      UNITED STATES DISTRICT JUDGE